# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON STEPHEN SIGUR,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | 1:18-cv-00161-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT<br><br>(ECF No. 9)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Jason Stephen Sigur ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 29, 2018. Plaintiff's complaint filed on January 29, 2018 was screened, and the first amended complaint ("FAC") filed on June 6, 2018 (ECF NO. 9) is currently before the Court for screening.

## I.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison in Chowchilla, California. Plaintiff brings suit against (1) K Bradbury, (2) S. Sanders, and (3) G. Murphy, Appeals Coordinator, for events arising while Plaintiff was housed at Sierra Conservation Center.

Plaintiff's claims arise out of the enactment of Proposition 57. In Claim I, Plaintiff alleges that "defendant" discriminated against Plaintiff in applying the non-violent offender parole considerations under Proposition 57. Plaintiff alleges that Prop 57 allows inmate with non-violent convictions an opportunity to be considered for parole after serving the sentence for primary offense. The Defendants have claimed that Plaintiff does not meet the criteria for Prop 57 because he is convicted sex offender and serving a term of life with the possibility of parole.

In Claim II, Plaintiff alleges that his right against cruel and unusual punishment has been violated. The Public Safety and Rehabilitation Act of 2016 was designed to encourage inmates to seek and adhere to rehabilitation programs. CDCR Employees have failed to follow the law

which cosntitutes cruel and unusual punishment. Plaintiff had been in rehabilitative groups and is considered a model inmate, but he cannot qualify for any kind of early release. Plaintiff seeks the court instruct the defendants to adhere to the law.

### III. Deficiencies in Complaint

As discussed more fully below, Plaintiff's complaint fails to state a cognizable claim.

**A. Lack of Linkage**

Most of plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676–7; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, or to an entity, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676–77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074–75 (9th Cir. 2013).

Plaintiff has not stated what each named individual did or did not do which he contends was a violation of his constitutional rights. Plaintiff may not merely allege "defendants" engaged in conduct. As plaintiff was previously told, he may not allege a group of defendant engaged in conduct. Plaintiff failed to link each defendant to violation of his constitutional rights.

**B. Proposition 57**

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition ("Prop") 57—and it took effect the next day. People v. Marquez, 11 Cal. App. 5th 816, 821, 217 Cal.Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II,

§ 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).) Proposition 57 only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

California state court cases addressing application of Proposition 57 are unpublished decisions (See Cal. Rules of Court 8.1115). They, nonetheless, uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for "parole consideration." Any determination as to appellant's right to parole under Proposition 57 must be made, in the first instance, by the appropriate agency.

Further, Plaintiff's claim is not cognizable under §1983 as it asserts only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222, 131 S. Ct. 859, 863, 178 L. Ed. 2d 732 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). Plaintiff has not alleged that he qualifies for parole consideration under the requirements of Proposition 57. State courts "are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Plaintiff is merely alleging a violation of state law, which is not cognizable under §1983.

### C. A Section 1983 Lawsuit Cannot Challenge Duration

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available

remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

As explained below, in a § 1983 lawsuit, Plaintiff is restricted to limited procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner...habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Federal courts may order a new parole suitability hearing only under very limited circumstances that are not alleged here. See Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011) (federal courts may not intervene in a BPH decision if minimum procedural protections were provided, i.e., an opportunity to be heard and a statement of the reasons why parole was denied). Thus, Plaintiff's claims are not cognizable to the extent he is seeking to order his immediate or speedier release.

Plaintiff does not state an Eighth Amendment cruel and unusual punishment claim, because he has not alleged that prison officials deprived him of humane conditions of confinement—only that they continued to confine him beyond when he believes he should have been released under Proposition 57. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (noting that the Eighth Amendment prohibits using excessive physical force against prisoners and requires that officials provide humane conditions of confinement).

**D. Equal Protection—Fourteenth Amendment**

Plaintiff claims a violation of Equal Protection for treating non-violent sex offenders differently under Proposition 57.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based

on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Juvenile Male, 670 F.3d at 1009; Nelson v. City of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff has failed to establish that he is a member of a protected class or that he was otherwise discriminated against. Sex offenders are not a suspect class, United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001). Plaintiff has failed to allege that there is no rational basis for treating sex offenders differently than other crimes. Plaintiff's conclusory allegations that his Equal Protection rights have been violated are not sufficient to state a cognizable claim.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies. The deficiencies of Plaintiff's complaint cannot be cured be amendment, and thus leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 7, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE